67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathan BURGESS, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO; Frank Jordan, Mayor;
John Newlin; Mike Coleman; Department of Parking and
Traffic Control; Rudy Nothenberg; Pete Wilson, Governor,
for the State of California, Defendants-Appellees.
 No. 94-16217.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 20, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathan Burgess appeals pro se the district court's decision dismissing defendant Governor Pete Wilson for lack of jurisdiction and the court's subsequent decision abstaining from hearing Burgess's constitutional challenge to provisions of California's Vehicle Code governing parking violations. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. See Carpenter v. Department of Transp., 13 F.3d 313, 314 (9th Cir.1994). We review de novo the district court's decision to abstain under Younger v. Harris, 401 U.S. 27 (1971). See Aiona v. Judiciary of State of Hawaii, 17 F.3d 1244, 1246 (9th Cir.1994).
 
 
 4
 Burgess argues that the district court erred by dismissing Governor Wilson because, as the chief executive of the state, Wilson is responsible for the enforcement and execution of all state laws and was thus a proper defendant in an action challenging provisions of the vehicle code. To be a proper defendant in an action challenging state law, "the state officer sued 'must have some connection with the enforcement of the [allegedly unconstitutional] act.' " Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir.1992) (quoting Ex Parte Young, 209 U.S. 123, 157 (1908)). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject and official to suit." Id.
 
 
 5
 The provisions of the motor vehicle code challenged by Burgess are enforced by the California Department of Motor Vehicles ("DMV") and county and city agencies. See, e.g., Cal.Veh.Code Sec. 4760.1 (providing that DMV shall refuse to renew a vehicle's registration if there are outstanding parking violations); Cal.Veh.Code Secs. 40200-40230 (setting forth procedures on parking violations). California law provides that suits challenging DMV action should be brought against the director of the DMV. See Cal.Veh.Code Sec. 24.5. Burgess has failed to allege that Governor Wilson played any direct role in the enforcement of these vehicle code provisions. Because there was an insufficient connection between Governor Wilson and the challenged law, the district court properly dismissed Wilson from this action. See Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 714 F.2d 946, 950 (9th Cir.1983), cert. denied, 467 U.S. 1209 (1984).
 
 
 6
 Burgess argues that the district court improperly abstained from hearing the action against the remaining defendants. Under the Younger abstention doctrine, a district court must abstain in favor of state proceedings "if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff and adequate opportunity to litigate federal constitutional questions." Aiona, 17 F.3d at 1248 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).
 
 
 7
 Burgess argues that the first Middlesex factor was not present because there was no ongoing state proceeding at the time he filed his federal suit. Burgess is mistaken. On December 2, 1993 Burgess had an administrative hearing before an officer of the San Francisco Department of Parking and Traffic ("DPT") regarding his liability for unpaid parking citations. Although the DPT hearing officer found Burgess liable for the citations, Burgess had twenty days to seek de novo review of the decision in municipal court. See Cal.Veh.Code Sec. 40230. Instead, he filed this action on December 3, 1993. Because there were state appellate remedies available to Burgess when he filed this action the requirement that there be an ongoing state proceeding was satisfied.[1] See World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).
 
 
 8
 Burgess concedes that the proceeding implicated important state interests (the second Middlesex factor). However, he argues that the third factor of the Middlesex test was not satisfied because the pending state proceeding did not afford him an adequate opportunity to raise his constitutional challenge. This argument has no merit because California municipal courts have jurisdiction to decide all legal questions arising in a case within its monetary jurisdiction. See Cal.Civ.Proc.Code Sec. 86; Morgan v. Somervell, 65 P.2d 820 (Cal.1937).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burgess argues that he should be considered to have exhausted his state remedies because he could not afford to pay the $25 filing fee required by California Vehicle Code Sec. 40230 for de novo review. Under California law, trial and appellate courts have inherent power to waive filing fees for indigent civil litigants. See Jara v. Municipal Court, 578 P.2d 94, 95 (Cal.1978), cert. denied, 439 U.S. 1067 (1979). Burgess failed to request that the municipal court waive its filing fees before he filed this suit. Moreover, we take judicial notice of the fact that on November 30, 1994 Burgess had a de novo hearing on the parking tickets which are the subject of this action and did not have to pay a filing fee. Furthermore, even if Burgess's request for waiver of the filing fee had been denied, he could have established his indigency under California Rule of Court 985 and then obtained a writ of mandate pursuant to California Code of Civil Procedure Sec. 1085 requiring the municipal court to waive the filing fee and grant him a de novo hearing. See Cal.Civ.Proc.Code Sec. 1085